IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

MATTHEW R. FULLER, )
)
                        Plaintiff, )
)
) CIV-07-155-FHS
v. )
)
BOARD OF COUNTY COMMISSIONERS OF )
MCCURTAIN COUNTY, OKLAHOMA, and )
WEYERHAEUSER COMPANY, )
)
)
)
                        Defendants. )

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**

Before the court for its consideration is a motion to remand filed on behalf of plaintiff Matthew R. Fuller ("plaintiff"). Weyerhaeuser objected arguing this court has diversity as well as federal question jurisdiction. The court grants the motion to remand for the following reasons.

**Background**

Plaintiff filed this lawsuit in the District Court of McCurtain County seeking declaratory relief against the Board of County Commissioners of McCurtain County and Weyerhaeuser. Weyerhaeuser removed the case to this court on May 25, 2007. Weyerhaeuser filed a Motion to Realign Parties contemporaneously with its Notice of Removal. This motion sought to have the Board realigned as a party-plaintiff so as to create diversity among the parties. Weyerhaeuser argued the Board's interests were really more closely aligned with plaintiff. This court denied the motion on June 21, 2007. After the denial of this motion, Weyerhaeuser

1

filed amended pleadings. In these pleadings, Weyerhaeuser's argued the relief plaintiff seeks constitutes a taking of Weyerhaeuser property without just compensation, in violation of Weyerhaeuser's 14th Amendment rights, asserting that this court has jurisdiction over the instant action pursuant to 28 U.S.C. Sec. 1331 as a case arising under the Constitution of the laws of the United States. Weyerhaeuser has also asserted amended counterclaims for quiet title, declaratory relief, and an injunction against plaintiff.

## I. WEYERHAEUSER IMPROPERLY REMOVED THIS CASE

It is a well settled rule that for a removal to be procedurally proper all defendants must consent to removal. Bachman v. Fred Meyer Stores, Inc., 402 F. Supp 2d 1342, 1344 (D. Utah 2005). The unanimity rule as it is often referred to "requires that removal must fail unless all defendants join in the removal." Cornwall v. Robinson, 654 F.2d 685, 686 (10th Cir. 1981) and Liebau v. Columbia Cas. Co., 176 F. Supp. 2d 1236, 1243 (D. Kan. 2001). Exceptions exist for the non-joinder of nominal, unknown, unserved or fraudulently joined parties. McShares, Inc. v. Barry, 979 F. Supp. 1338, 1342 (D. Kansas 1997). It is undisputed the Board is not an unknown or unserved defendant. However, Weyerhaeuser has argued the Board was a nominal party or in the alternative an improperly, collusively, and fraudulently joined party. Weyerhaeuser has argued the Board is not a proper defendant but rather should be aligned as a plaintiff because the Board's interest is congruent with the plaintiff's. However, this court has previously considered this issue in Weyerhaeuser's Motion to Realign the Parties and has denied the requested relief. The court found insufficient evidence that the Board's interest were the same as plaintiff's. Thus, the court has previously found the Board was not a nominal or fraudulently joined defendant. Thus,

since the Board does not fall under any of the exceptions to the unanimity rule, this court finds this case was improperly removed to this court.

## II.  FEDERAL QUESTION

A suit filed in state court may be removed to federal court if the federal court would have had original subject matter jurisdiction over that suit. 28 U.S.C. Sec. 1441 (a). Federal removal jurisdiction is statutory in nature and is to be strictly construed. Shamrock Oil & Gas v. Sheets, 313 U.S. 100, 108-09 (1941). There is a presumption against removal jurisdiction, and doubtful cases must be resolved in favor of remand. Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir.1995), cert. denied, 516 U.S. 863 (1995) and American Fire & Cas. Co. v. Finn, 341 U.S. 6, 17-18 (1951) (stating that "[t]he jurisdiction of the federal courts is carefully guarded against expansion by judicial interpretation or by prior action or consent of the parties").

To determine if a court has federal question jurisdiction, the court must look to the complaint to see if a federal question is implicated by the plaintiff's claim.  In Skelly Oil Company v. Phillips Petroleum Company, 339 U.S. 667, 672 (1950), the United States Supreme Court stated:

> 'Not every question of federal law emerging in a suit is proof that a federal law is the basis of the suit.' Gully v. First National Bank, 299 U.S. 109, 115, 57 S.Ct.96,99, 81 L.Ed. 70...  Every since Metcalf v. Watertown, 128 U.S. 586, 589 it has been settled doctrine that where a suit is brought in the federal courts 'upon the sole ground that the determination of the suit depends upon some question of a Federal nature, it must appear, at the outset, from the declaration or the bill of the party suing, that the suit is of that character.'  But 'a

3

suggestion of one party, that the other will or may set up a claim under the Constitution or laws of the United States, does not make the suit one arising under that Constitution or those laws.' Tennessee v. Union & Planters' Bank, 152 U.S. 454, 464. The plaintiff's claim itself must present a federal question 'unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose.' Taylor v. Anderson, 234 U.S. 74, 75-76; Louisville & Nashville R. Co. v. Mottley, 211 U.S. 149, 152.

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,'which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly plead complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987) (citations omitted). "For better or worse, under the present statutory scheme as it has existed since 1887, a defendant may not remove a case to federal court unless the plaintiff's complaint establishes that the case 'arises under' federal law. '[A] right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action.' Gully v. First National Bank, 299 U.S. 109, 112 (1936)". Franchise Tax Board v. Construction Laborers Vacation Trust, 463 U.S. 1, 10-11 (1983).

A federal question is presented either where federal law creates the cause of action, or there is "the presence of a federal issue in a state-created cause of action." Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 810 (1986). The plaintiff is the absolute master of what jurisdiction he will appeal to. Healy v. Sea Gull Specialty Company, 237 U.S. 479, 480 (1915). To sustain federal question jurisdiction, the face of the complaint must show that "plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."

4

Franchise Tax Board v. Construction Laborers Vacation Trust, 463 U.S. 1, 28 (1983).

However, plaintiff must design his case or cause of action as one arising under federal law. A federal question exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Holmes Group, Inc., v. Vornado Air Circulation System, Inc., 535 U.S. 826, 830 (2002). A defendant cannot change the character of plaintiff's case by inserting allegations of a federal nature in the petition for removal. Warner Brothers Records, Inc. v. R.A. Ridges Distributing Company, Inc., 475 F.2d 262, 264 (10th Cir. 1973). In addition, "A case may not be removed to federal court solely because of a defense or counterclaim arising under federal law." Hunt v. Lamb, 427 F.3d 725, 727 (10th Cir. 2005). An exception to this rule is 28 U.S.C. Sec. 1443 which allows removal to address the violation of a right to racial equality that is unenforceable in state court. Id. There are no allegations in Weyerhaeuser's Notice of Removal which indicate Sec. 1443 applies. Thus, the court must look at the plaintiff's complaint to see if there is a federal question on its face.

In the case at bar, plaintiff has not asserted any claims under federal law. Plaintiff has sought relief under the statutes and common law of the state of Oklahoma. The only federal claims asserted are in the defendant's counterclaims. This is wholly insufficient to establish federal question jurisdiction. Accordingly, this court finds no federal question jurisdiction.

### III. DIVERSITY JURISDICTION

Weyerhaeuser contends if this court finds it does not have

federal question jurisdiction, it has diversity jurisdiction. Weyerhaeuser has made this argument based on the concept that the Board is not a proper defendant but rather should be aligned as a plaintiff. The facts are undisputed that plaintiff is a resident of the state of Oklahoma as is the Board of County Commissioners. 28 U.S.C. Sec. 1332 requires complete diversity of citizenship between the parties. That clearly is not in existence in the case at bar. Accordingly, this court does not have diversity jurisdiction either.

## CONCLUSION

This case was improperly removed to this court because Weyerhaeuser did not have consent of all defendants. Further, Weyerhaeuser has failed to establish either federal question or diversity jurisdiction. Accordingly, the plaintiff's motion to remand is **GRANTED**.

**IT IS SO ORDERED** this 7th day of September, 2007.

Frank H. Seay
United States District Judge